OPINION OF THE COURT
 

 Meyer, J.
 

 Plaintiffs’ complaint in this action brought under the provisions of the Donnelly Act (General Business Law, §§ 340-347) alleging violation by defendants and New York Telephone Company (NYT) of the antitrust proscriptions of that act is not precluded by the Public Service Commission’s prior dismissal of plaintiffs’ complaint to that body pursuant to section 91 of the Public Service Law alleging discriminatory activity by the New York Telephone Company. There having been no hearing before the commission (PSC) and the issues to be determined in the Donnelly Act action being neither identical with the issues under section 91 nor necessarily determined in the prior proceeding
 
 *16
 
 before the PSC, the essentials for issue preclusion are not present. The jurisdiction of the PSC to accept tariffs for filing and entertain customer complaints of discrimination does not give it exclusive jurisdiction of a competitor’s antitrust action, nor in view of the prior PSC ruling is there present reason for abstention by the court under the doctrine of primary jurisdiction. The order of the Appellate Division modifying Special Term’s dismissal of plaintiffs’ complaint by denying defendants’ motion for summary judgment except as to plaintiffs’ Federal antitrust claims should, therefore, be affirmed, with costs, and the certified question answered in the affirmative.
 

 Capital Telephone Company (Capital) is a radio common carrier which provides one-way paging and two-way mobile radio service. Peter A. Bakal is president of Capital but also provides through his own solely owned company similar regulated common carrier service. Pattersonville Telephone Company (Pattersonville) competes with Capital and Bakal in offering one-way paging and two-way mobile radio service but also operates a regular landline telephone service. By letter dated May 26, 1978, Capital and Bakal complained to the PSC that the New York Telephone Company had refused them services which NYT was providing to Pattersonville without charge and denying to them a revenue sharing arrangement which was afforded to Pattersonville. Capital and Bakal therefore asked for an order requiring that they and Pattersonville be treated equally by NYT.
 

 After receiving a written report from its communications division stating that NYT in 1976 had terminated the revenue sharing arrangement, differentiating between Capital and Bakal, as radio telephone utilities, and Pattersonville, as a radio and landline telephone service, and stating that NYT’s charges to Capital and Bakal were at the same rate charged by NYT to competing radio carriers and not discriminatory, the PSC declined to issue the requested order.
 

 While the PSC complaint was pending, Capital and Bakal began this action against Pattersonville and Robert A. Dowling, its president. In three causes of action it alleges conspiracy of defendants and NYT relating to divi
 
 *17
 
 sion of revenues and the provision of facilities denying to plaintiffs equal treatment and their rights under State and Federal law, violation of section 340 of the General Business Law, and as a result the submission and charging by Pattersonville of below cost tariff rates in violation of State and Federal antitrust law. On defendants’ motion for summary judgment, Special Term granted the motion and dismissed the entire complaint, concluding as to plaintiffs’ Federal claims that the court lacked subject matter jurisdiction and as to the other claims that plaintiffs were barred by the prior PSC determination, of which they should have sought review in an article 78 proceeding. The Appellate Division, two Justices dissenting, modified by denying the motion except as to the Federal claims and granted leave to appeal on a certified question.
 

 Before this court defendants argue that (1) the PSC determination bars the entire action on principles of collateral estoppel, (2) the complaint challenges the propriety of tariffs as to which the PSC has exclusive original jurisdiction, (3) the technical nature of the issues requires abstention by the courts under the doctrine of primary jurisdiction, and (4) the PSC and NYT are necessary parties to the action.
 

 I
 

 Collateral estoppel (or issue preclusion as is its more modern name,
 
 see Matter of American Ins. Co.
 
 [Messinger—
 
 Aetna Cas. & Sur.
 
 Co.], 43 NY2d 184, 189, n 2) applies to administrative as well as judicial proceedings
 
 (Bernstein v Birch Wathen School,
 
 51 NY2d 932;
 
 Matter of Evans v Monaghan,
 
 306 NY 312, 323-324;
 
 United States v Utah Constr. Co.,
 
 384 US 394, 422;
 
 Tipler v Du Pont de Nemours & Co.,
 
 443 F2d 125, 128; see Restatement, Judgments 2d [Tent Draft No. 7], § 131). Required for application of the doctrine in either type proceeding are that the issue as to which preclusion is sought be identical with the issue decided in the prior proceeding, that the issue have been necessarily decided in the prior proceeding, and that the litigant who will be held precluded in the present proceeding have had a full and fair opportunity to litigate the issue in the prior proceeding
 
 (Gilberg v Barbieri,
 
 53 NY2d 285,
 
 *18
 
 291;
 
 Schwartz v Public Administrator of County of Bronx,
 
 24 NY2d 65, 71; see
 
 B. R. De Witt, Inc. v Hall,
 
 19 NY2d 141). The burden of establishing the first two elements rests upon the proponent of preclusion, but as to the lack of a full and fair opportunity to contest, the burden is on the opponent
 
 (Schwartz v Public Administrator of County of Bronx,
 
 24 NY2d 65, 73,
 
 supra; B. R. De Witt, Inc. v Hall,
 
 19 NY2d 141, 148,
 
 supra).
 

 A
 

 The fact that the charges made by NYT and Patterson-ville are based upon tariffs filed by those public utilities does not protect the utilities or others acting in combination with them from antitrust liability
 
 (Columbia Gas of N. Y. v New York State Elec. & Gas Corp.,
 
 28 NY2d 117;
 
 Cantor v Detroit Edison Co.,
 
 428 US 579, 596;
 
 Northeastern Tel. Co. v American Tel. & Tel. Co.,
 
 651 F2d 76, 82, cert den 455 US_, 50 USLW 3650). But defendants, emphasizing that plaintiffs complained to the PSC about the “illegal, preferential and anticompetitive conduct” of NYT in charging them for services provided to Pattersonville without charge, argue that both proceedings involve anticompetitive conduct and that, therefore, the PSC in considering plaintiffs’ complaint determined the identical issue involved in this action. Whether the issues in the two proceedings are identical depends, however, not upon how one or all of the parties characterize them, but on what facts are determinative of each proceeding in light of the substantive law principles, common law or statutory, governing each.
 

 The question before the PSC was whether under section 91 of the Public Service Law the charge made by NYT to plaintiffs was an “unjust or unreasonable charge” (subd 1), “greater or less compensation for any service rendered” than that charged or received from any other person for “a like and contemporaneous service” (subd 2) or gave “any undue or unreasonable preference or advantage to any person, corporation or locality” (subd 3). The question to be decided by the court in this Donnelly Act action is whether “[cjompetition or the free exercise of any activity * * * in the furnishing of any service * * * is or may be restrained”
 
 *19
 
 or “the furnishing of any service in this state is or may be restrained” for the purpose of “establishing or maintaining [a] monopoly or unlawfully interfering with the free exercise of any activity” (General Business Law, § 340, subd 1).
 

 The distinction between the issues under the two statutes is placed in perspective by reference to
 
 State of New York v Mobil Oil Corp.
 
 (38 NY2d 460). We there held that price discrimination per se was outside the scope of the Donnelly Act and dismissed a Donnelly Act complaint which contained “no allegation of any agreement or commitment on the part of either the oil company or of its dealers or any of them” (38 NY2d, at p 464) but only a “unilateral practice”
 
 (id.,
 
 at p 466, n 4). The issue before the PSC on the present plaintiffs’ complaint was whether there was discrimination between Pattersonville and plaintiffs as to the revenues, settlements, services and facilities provided by NYT; whether it came about by agreement had no bearing. The complaint before us alleges an agreement between Pattersonville and NYT relating to revenues, settlements, services and facilities for the purpose of denying plaintiffs their rights under State law and, by permitting Pattersonville to charge lower, rates than plaintiffs, of interfering with plaintiffs’ business activities in violation of the Donnelly Act. In the trial of the instant action the fact that the PSC found NYT’s activity “not illegal as a matter of law” will not constitute a defense because discrimination which may be justifiable under section 91 of the Public Service Law “may still be unlawful if it can be shown to have actually restrained competition”
 
 (Columbia Gas of N.Y. v New York State Elec. & Gas Corp.,
 
 28 NY2d 117, 128,
 
 supra;
 
 see
 
 Van Dussen-Storto Motor Inn v Rochester Tel. Corp.,
 
 63 AD2d 244, 251;
 
 Tipler v Du Pont de Nemours & Co.,
 
 443 F2d 125,128-130,
 
 supra; 2
 
 Davis, Administrative Law, § 18.04).
 

 Thus, the issues overlap but are not identical, for in each there is an element not present in the other.
 

 B
 

 Nor can it be said that the issue was “necessarily decided” in the prior proceeding. First, it is not the function of the PSC to enforce State antitrust laws
 
 (Matter of Tele/Re
 
 
 *20
 

 sources v Public Serv. Comm. of State of N. Y.,
 
 58 AD2d 406, 411, mot for Iv to app den 43 NY2d 647;
 
 Matter of Westchester Mobilfone System v Public Serv. Comm, of State of N. Y.,
 
 72 AD2d 895, 896;
 
 State of New York v McBride Transp.,
 
 56 Misc 2d 90, 97; see Siegel, New York Practice, § 456). Second, plaintiffs’ complaint to the PSC was against New York Telephone and requested that NYT be ordered to treat plaintiffs and Pattersonville equally. It did not concern Pattersonville’s rates, which are involved in the third cause of action of plaintiffs’ complaint. Moreover, although NYT’s activities are involved in all three causes of action and preclusion could be found as to claims based on its activities, a reading of the communications division report on the basis of which the PSC denied the complaint shows that except as to radio tie lines the commission did not find that NYT was not providing without charge to Pattersonville services for which plaintiffs were required to pay NYT, but only that the interconnection between NYT and plaintiffs should not be compared with the NYT-Pattersonville connection and that both NYT and Pattersonville treat plaintiffs the same as each treats its own radio operation. As to the revenue sharing claim, it found that the practice was no longer in effect, having been discontinued in September, 1976. The Donnelly Act limitation period is, however, four years (General Business Law, § 340, subd 5), and this action was begun July 6, 1978. Thus, as to neither services nor revenue sharing has the commission decided that there was not discrimination upon which a Donnelly Act claim can be based. All that it necessarily decided was that the preference admittedly given by NYT to Pattersonville over plaintiffs was not undue or unreasonable within the meaning of the Public Service Law.
 

 C
 

 Finally, the record convincingly demonstrates that plaintiffs did not have a full and fair opportunity to contest the issue before the PSC. The only paper before the PSC was plaintiffs’ letter of complaint. As noted, the complaint was referred to the communications division which so far as appears obtained the information in its report by reviewing commission records and by consultation with a
 
 *21
 
 member of the commission’s counsel’s office. The report recommended that the commission find the complaint without merit and attached a proposed letter to plaintiffs advising that the commission had considered the report and adopted its conclusion. So far as appears no evidentiary hearing was held by the division or by the commission nor were plaintiffs offered an opportunity to dispute either the legal advice given to the division by commission counsel or to contest the division report before its adoption by the commission. Such procedure falls far short of the full and fair opportunity to contest upon which collateral estoppel depends (cf.
 
 Gilberg v Barbieri,
 
 53 NY2d 285, 293,
 
 supra; Schwartz v Public Administrator of County of Bronx,
 
 24 NY2d 65,
 
 supra; Nasem v Brown,
 
 595 F2d 801; Restatement, Judgments 2d [Tent Draft No. 7], § 131).
 

 For all of the above reasons, plaintiffs’ Donnelly Act claim is not precluded by the prior PSC determination.
 

 II
 

 The other side of defendants’ contention that antitrust claims were necessarily ruled upon by the PSC is its argument that, because the first and part of the third cause of action challenge the reasonableness of Pattersonville’s tariffs, the matter is one over which the PSC has exclusive original jurisdiction re viewable only in an article 78 proceeding. Were the challenge to the reasonableness of Pattersonville’s tariffs as distinct from the preferential application of NYT’s tariff and were it made by a customer rather than a competitor, there might be merit to the argument (compare
 
 Van Dussen-Storto Motor Inn v Rochester Tel. Corp.,
 
 42 AD 2d 400, affd on opn below 34 NY2d 904, and
 
 People ex rel. Public
 
 Serv.
 
 Comm, of State of N. Y. v New York Tel. Co.,
 
 262 App Div 440, affd 287 NY 803, with
 
 Essential Communications Systems v American Tel. & Tel. Co.,
 
 610 F2d 1114, 1121). But, as already shown, it is not the function of the PSC to enforce the antitrust laws and the issue for consideration in this lawsuit is whether defendants and NYT have combined to prefer Patterson-ville, thus permitting it to charge lower rates than plaintiffs to the detriment of plaintiffs’ business activities. On that question, Pattersonville’s tariffs are only collaterally
 
 *22
 
 involved. Whether they are reasonable in relation to Pattersonville’s costs is not the issue; the question is whether Pattersonville’s costs for NYT’s services have been unlawfully reduced.
 

 III
 

 Defendant’s primary jurisdiction argument is predicated upon the technical nature of the services and rebating practices which must be considered. The doctrine of primary jurisdiction is intended to co-ordinate the relationship between courts and administrative agencies to the end that divergence of opinion between them not render ineffective the statutes with which both are concerned, and to the extent that the matter before the court is within the agency’s specialized field, to make available to the court in reaching its judgment the agency’s views concerning not only the factual and technical issues involved but also the scope and meaning of the statute administered by the agency
 
 (Hewitt v New York, New Haven & Hartford R. R. Co.,
 
 284 NY 117, 124;
 
 Maritime Bd. v Isbrandtsen Co.,
 
 356 US 481;
 
 United States v Western Pacific R. R. Co.,
 
 352 US 59;
 
 Far East Conference v United States,
 
 342 US 570; see 3 Davis, Administrative Law, §§ 19.01-19.06; 2 NY Jur 2d, Administrative Law, § 181). Though the agency’s jurisdiction is not exclusive, the court postpones its action until it has received the agency’s views
 
 (United States v Philadelphia Nat. Bank,
 
 374 US 321, 353;
 
 United States v American Tel. & Tel. Co.,
 
 461 F Supp 1314, 1329, n 45; 3 Davis,
 
 op. cit.,
 
 § 19.01). Conceivably, issues may arise in this action beyond those already considered by the PSC in passing on plaintiffs’ complaint to it on which the views of the PSC should be sought. If so, the trial court will, after the issues have been more clearly developed through discovery (see
 
 United States v American Tel. & Tel. Co.,
 
 427 F Supp 57, 62, mot for lv to file prejudgment petition for cert den 429 US 1071, cert den [DC Cir No. 77-1009], cert den 434 US 966), be free to defer its action until those particular phases of the action have been considered by the PSC. Until such time, however, we agree with the ruling, implicit in the Appellate Division’s modification of Special Term’s dismissal of the complaint, that PSC action other than, that already taken by that body in passing on plain
 
 *23
 
 tiffs’ complaint to it is not required by considerations of the primary jurisdiction doctrine (see
 
 Nader v Allegheny Airlines,
 
 426 US 290, 304).
 

 IV
 

 Defendants’ answer and motion papers raised the question whether the PSC was a necessary party, but defendants have made no motion based on the nonjoinder of NYT. The latter question is, therefore, not properly before us. Defendants argue without citation of authority that the PSC is a necessary party because a judgment in this action would require a change in the tariff approved by the commission. But to the extent that that may be so, it is simply a necessary concomitant of the rule that regulatory agency approval of tariffs does not immunize a utility from antitrust liability. Moreover, the PSC will have full opportunity to consider any change in tariff rates that may be sought by NYT or Pattersonville as a result of the judgment in this action when application for such a change is made to it.
 

 The order of the Appellate Division should, therefore, be affirmed, with costs, and the question certified should be answered in the affirmative.
 

 Chief Judge Cooke and Judges Jasen, Jones and Wachtler concur; Judges Gabrielli and Fuchsberg taking no part.
 

 Order affirmed, etc.