■ LAWRENCE E. KUGEL, Individually and as Administrator of the Estate of STEPHANIE KUGEL, an Infant, Deceased, et al., Appellants, v MID-WEST-CHESTER INDUSTRIAL PARK, INC., et al., Respondents. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Westchester County (Coppola, J.), dated October 20, 1981, which granted defendants' motion and cross motion to dismiss the fourth, fifth and sixth causes of action. Order affirmed, with one bill of $50 costs and disbursements. Special Term correctly concluded that there is no cause of action in New York for emotional trauma suffered by the parents of a child injured or killed as the result of negligence (*Tobin v Grossman,* 24 NY2d 609). The fact that plaintiffs were directly involved in the accident is relevant only insofar as it creates a cause of action on their own behalf for the injuries inflicted directly upon them. Their direct involvement does not distinguish this case from the holding of *Tobin v Grossman* (*supra*). The same concerns expressed by the Court of Appeals with regard to the inability to reasonably circumscribe a rule-creating liability and potential unlimited liability are fully applicable whether or not the plaintiffs were directly involved in the accident. Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.

■ NEIL R. LAMPARTER, Appellant, v LONG ISLAND LIGHTING COMPANY, Respondent. — In an action, *inter alia,* for a declaratory judgment and permanent injunction, plaintiff appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated November 24, 1981, which denied his motion for a preliminary injunction and granted defendant's cross motion to dismiss the complaint for lack of subject matter jurisdiction. Order affirmed, without costs or disbursements. Special Term correctly determined that the Public Service Commission has primary jurisdiction in this matter. Plaintiff has clearly raised issues that "should be 'considered and passed upon by the trained body established for that very purpose and especially equipped to examine into the intricate facts commonly involved in public utility problems' (*Matter of Carroll Realty Corp. v New York Edison Co.,* 141 Misc 266, 272) before resort to the courts should be allowed" (see *Guglielmo v Long Is. Light. Co.,* 83 AD2d 481, 488-489). In addition to raising questions of fact, plaintiff is contesting both the reasonableness and application of defendant's backbilling and service discontinuance rules. Under the doctrine of primary jurisdiction, it is clear that where questions of fact exist, the controversy should be referred to the Public Service Commission. This is so even if questions of law are also involved. Accordingly, the cross motion to dismiss the complaint was properly granted. Mollen, P. J., Lazer, Mangano and Niehoff, JJ., concur.