■ DAVID NASAW, Individually and as President of 210 West 101st Street Tenants Association, et al., Appellants-Respondents, v JEMROCK REALTY Co. et al., Respondents-Appellants. [639 NYS2d 37]

We agree with the IAS Court that under the doctrine of primary jurisdiction (*see, Capital Tel. Co. v Pattersonville Tel. Co.*,

56 NY2d 11, 22), court action in this landlord-tenant dispute should be postponed until a final determination is made by the agency which possesses the special competence to deal with the issues raised. We also agree that the action was properly stayed rather than dismissed. Pursuant to the Rent Stabilization Law of 1969 (Administrative Code of City of NY, tit 26, ch 4), DHCR does not possess exclusive jurisdiction with respect to the maintenance of services (*see*, Administrative Code § 26-514).

A valid order was issued by the agency on May 12, 1967 providing for "manned" elevator service. Defendants-landlords failed to obtain approval from the agency before unilaterally effecting a purported "substitution of services" required by that order. Therefore, we modify to reverse the denial of injunctive relief to the plaintiffs and grant the tenants' application for such pendente lite relief enforcing the terms of the order until such time as the agency makes another final determination. While we warned, in *Bartley v Walentas* (78 AD2d 310), that the function of the Supreme Court was not the detailed management of a building, we also noted that damages "may not provide an adequate remedy for a continuing breach * * * [which] may well require injunctive relief" (*supra*, at 314). This is such a case. There is no dispute that the extant order provides for services which were unilaterally discontinued by defendants. Accordingly, plaintiffs are entitled to an injunction to enforce the 1967 order until such time as the DHCR relieves defendants from its terms. Concur—Wallach, J. P., Nardelli, Williams and Mazzarelli, JJ.