■ PASQUALINA BENNARDO, Appellant, v EQUITABLE LAND SERVICES, INC., et al., Defendants, and EDWARD McCORMACK, Respondent. [663 NYS2d 892] —In an action, *inter alia*, to recover damages for fraud, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Garson, J.), dated September 18, 1996, as granted the motion of the defendant Edward McCormack for leave to amend his answer to add the defenses of res judicata and collateral estoppel and for summary judgment dismissing the complaint insofar as asserted against him, based on the grounds of res judicata and collateral estoppel.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendant Edward McCormack for leave to amend his answer and for summary judgment dismissing the complaint insofar as asserted against him based on the grounds of res judicata and collateral estoppel is denied, the complaint is reinstated against the defendant Edward McCormack, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

In 1991 the plaintiff commenced the instant action against the defendant Edward McCormick, who is an attorney, and several other defendants, *inter alia*, to recover damages for fraud.

In a letter to the Grievance Committee for the Ninth Judicial District (hereinafter the Committee), dated November 16, 1993, the plaintiff alleged that McCormack's conduct also constituted a breach of the Code of Professional Responsibility. By letter dated December 20, 1994, the Committee determined that McCormack had not breached the Code of Professional Responsibility.

Based on the Committee's determination, McCormack moved for leave to amend his answer to add the defenses of res

judicata and collateral estoppel and for summary judgment dismissing the complaint insofar as asserted against him, based on the grounds of res judicata and collateral estoppel. The Supreme Court granted the motion.

We reverse and reinstate the complaint as against McCormack.

The Committee's determination was summary in nature and made without the benefit of a hearing at which the plaintiff could have testified. Accordingly, it has no res judicata or collateral estoppel effect on the issues raised in the instant civil action commenced by the plaintiff against McCormack to recover damages for fraud (*see, Ryan v New York Tel. Co.*, 62 NY2d 494, 499, 501; *Capital Tel. Co. v Pattersonville Tel. Co.*, 56 NY2d 11, 18; *cf., A to Z Assocs. v Cooper*, 161 Misc 2d 283). The Supreme Court therefore erred in granting McCormack's motion to amend his answer and for summary judgment based on res judicata and/or collateral estoppel. Miller, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.