[696 NYS2d 126]

MIROSLAV URLIC et al., Appellants, v INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Respondent.

First Department, September 30, 1999

2

**APPEARANCES OF COUNSEL**

*Jethro M. Eisenstein* of counsel (*Profeta & Eisenstein,* attorneys), for appellants.

*Lori S. Evenchick* of counsel (*Louise A. Kelleher* on the brief; *Cooper Kardaras & Scharf, L. L. P.,* attorneys), for respondent.

**OPINION OF THE COURT**

LERNER, J.

This action arises out of an accident which took place on or about February 19, 1994 on the Adriatic Tourist Highway in the Republic of Croatia. Plaintiff Miroslav Urlic, a New York citizen, allegedly sustained serious personal injuries when a vehicle in which he was riding as a passenger collided with a vehicle owned by the United Nations Protection Forces (UNPROFOR), an agency of the United Nations (U.N.), and operated by Marjian Mjartan, a Slovak national and member of UNPROFOR. The U.N., UNPROFOR and Mjartan are all immune from suit by operation of the Foreign Sovereign Immunities Act (28 USC § 1602 *et seq.*), although the U.N. held an insurance policy, issued by defendant, which provided coverage for bodily injuries caused by the operation of UNPROFOR vehicles.

Plaintiffs originally commenced an action in the Southern District of New York by invoking the subject matter jurisdic-

tion conferred by 28 USC § 1364, which provides a direct cause of action against the insurer of a member of a diplomatic mission, notwithstanding the member's immunity. Plaintiffs sued American International Group (AIG) and American International Underwriters, N.A. (AIU), incorrectly believing they were the U.N.'s insurers. The District Court (Leonard Sand, J.) offered plaintiffs an opportunity to amend the complaint to name Insurance Company of the State of Pennsylvania (ISOP), the actual issuer of the policy, as a defendant, but plaintiffs declined to do so at that time, though they also contended that ISOP was a subsidiary of AIG and AIU.

Assuming, for purposes of the summary judgment motion, that AIG and AIU were the insurers for UNPROFOR, the District Court granted the motion and dismissed the complaint, ruling that section 7 of the Diplomatic Relations Act (Pub L 95-393) (28 USC § 1364) applied solely to injuries occurring within the United States. The court noted that legislative acts of Congress are presumed to apply only within the territorial jurisdiction of the United States, that there was no reference in the Act to injuries occurring in a foreign country, and that section 6 of the Act (22 USC § 254e) only required members of diplomatic missions to acquire liability insurance for risks arising from the operation of a motor vehicle, vessel, or aircraft *in the United States*. The legislative history of the Act further indicated that sections 6 and 7 were meant to go "hand-in-hand" and arose out of Congressional concerns over American citizens injured in traffic accidents in Washington, New York, and other American cities containing large diplomatic communities, and was devoid of any reference to accidents in foreign countries.

While that motion was pending, plaintiffs commenced the instant action, based on articles 940 and 941 of the Obligatory Relations Act of the Republic of Croatia, also a direct action statute.

Defendant moved to dismiss the complaint on the grounds of res judicata, lack of subject matter jurisdiction, failure to state a cause of action, failure to join indispensable parties, and forum non conveniens.

The IAS Court granted defendant's motion to dismiss the complaint based on lack of subject matter jurisdiction, ruling that under 28 USC § 1364, civil claims against an insurer of a member of a diplomatic mission were to be heard exclusively by the Federal courts.

To the extent the IAS Court indicated that the Federal action bars the instant action under principles of res judicata, it

erred. For purposes of res judicata, the test is as follows: "unless it is clear that the Federal court as a matter of discretion did decline or would have declined to exercise [supplemental] jurisdiction, the State action is barred" (*McLearn v Cowen & Co.*, 48 NY2d 696, 698, *upon rearg* 60 NY2d 686). The Second Circuit mandates that the Federal court should decline to exercise jurisdiction over nonFederal claims when all Federal claims are dismissed prior to trial (*see, Purgess v Sharrock*, 33 F3d 134, 138). This directive has been interpreted as a "clear" indication that the Federal court "would have declined to exercise [supplemental] jurisdiction." (*Capital Tel. Co. v New York Tel. Co.*, 146 AD2d 312, 316; *see also, Evans v Rothschild, Unterberg, Towbin*, 131 AD2d 278, 282-283.) Such an inference is all the more justified where the law of a new and foreign country governs.

Since the District Court would have declined to exercise supplemental jurisdiction over the Croatian law claim, it was error to apply the doctrine of res judicata.

As interpreted by the District Court, and as advanced by defendant, 28 USC § 1364 does not apply to torts committed outside the United States, and there is no indication in the statute or legislative history that Congress intended to preempt State courts from hearing cases for torts committed outside the United States and based on a foreign law.

However, whether this case were deemed a contract or tort action, the law of New York and not Croatia would govern.

Assuming arguendo that the instant dispute were deemed a tort action, it is predominantly concerned with loss allocation, rather than the appropriate standards of conduct, and therefore the law of the accident locus is less significant, though still a consideration. When making a choice of law determination in a tort action where loss allocation is at issue, the common domicile of the parties is the predominant consideration because of that jurisdiction's "interest in enforcing the decisions of both parties to accept both the benefits and the burdens of identifying with that jurisdiction and to submit themselves to its authority" (*Shultz v Boy Scouts*, 65 NY2d 189, 198). Plaintiffs are New York residents and, for choice of law purposes, defendant ISOP's domicile is New York, its principal place of business (*Weisberg v Layne-New York Co.*, 132 AD2d 550, 551-552). Thus, both parties are domiciled in New York, and if this action were deemed a tort action, New York law would apply.

Assuming arguendo that this is a contract action, New York law would govern pursuant to the "center of gravity" or "group-

ing of contracts" choice of law theory (*Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.]*), 81 NY2d 219), since both parties are New York domiciliaries, the insured is headquartered in New York, and the broker and managing agent for the policy are located in New York; the only contact with Croatia, whose laws are new, is that it is the site of the accident.

Since New York does not provide a direct cause of action against an insurer of an immune entity, plaintiffs have failed to state a cause of action. Therefore, under tort or contract analysis, the action must be dismissed.

Moreover, even if Croatian law were to apply, plaintiffs have failed to demonstrate that the direct action statute applies to insurers of diplomatically immune entities or persons.

Accordingly, the order of the Supreme Court, New York County (Harold Tompkins, J.), entered April 3, 1998, which granted defendant's motion to dismiss the complaint, should be affirmed, without costs.

ROSENBERGER, J. P., NARDELLI, SAXE and FRIEDMAN, JJ., concur.

Order, Supreme Court, New York County, entered April 3, 1998, affirmed, without costs.