(July 13, 2000)

■ NORMA T. DAVIS et al., Respondents, v WATERSIDE HOUS-ING COMPANY, INC., et al., Appellants. [711 NYS2d 4] —Order, Supreme Court, New York County (Paula Omansky, J.), entered October 1, 1999, which granted plaintiffs' motion for a preliminary injunction staying all proceedings before respondent Division of Housing and Community Renewal (DHCR) and denied the Waterside/Aquarius defendants' cross motion to dismiss, unanimously reversed, on the law, without costs, the motion denied, the cross motion granted and the complaint dismissed as against all parties defendant. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiffs are residents of Waterside Plaza, a complex of four residential buildings along the East River in Manhattan, and also purport to represent the residents of an adjacent residential building known as North Waterside. Construction was completed in the mid-1970s as part of a government program to encourage the development of low- and middle-income housing, under the Private Housing Finance Law. Some of these "Mitchell-Lama" apartment buildings received temporary certificates of occupancy prior to January 1, 1974; permanent certificates were issued for all the buildings in 1976. The 1974 cutoff date is important because residential buildings completed after that date are exempt from rent stabilization, under the Emergency Tenant Protection Act of 1974 ([ETPA] L 1974, ch 576, § 4, as amended). With the Waterside defendants now seeking to withdraw from the Mitchell-Lama program, the substantive question is whether some of these apartments will devolve to rent-stabilized status.

Plaintiffs brought this action for a judicial declaration of their right to rent stabilization. The Waterside/Aquarius defendants prefer the question to be considered and resolved, at least initially, by defendant DHCR.

"The doctrine of primary jurisdiction is intended to coordinate the relationship between courts and administrative agencies to the end that divergence of opinion between them not render ineffective the statutes with which both are concerned, and to the extent that the matter before the court is within the agency's specialized field, to make available to the court in reaching its judgment the agency's views concerning not only the factual and technical issues involved but also the scope and meaning of the statute administered by the agency" (*Capital Tel. Co. v Pattersonville Tel. Co.*, 56 NY2d 11, 22). "[W]hile concurrent jurisdiction does exist, where there is an

administrative agency which has the necessary expertise to dispose of an issue, in the exercise of discretion, resort to a judicial tribunal should be withheld pending resolution of the administrative proceeding" (*Haddad Corp. v Redmond Studio*, 102 AD2d 730).

Deference to primary administrative review is particularly important where the matters under consideration are inherently technical and peculiarly within the expertise of the agency (*Capers v Giuliani*, 253 AD2d 630, 633, *lv dismissed and denied* 93 NY2d 868). The IAS court erred in ruling that the doctrine does not apply in this instance because the issues before the court were "not within DHCR's specialized field and do not involve that agency's technical expertise." To the contrary, the Legislature has specifically authorized that agency to administer questions relating to rent regulation (McKinney's Uncons Laws of NY § 8628 [c] [ETPA § 8 (c)]). Whether a building is subject to rent regulation by virtue of its completion date (*Matter of Ardor Mgt. Corp. v Division of Hous. & Community Renewal*, 104 AD2d 984), and whether ETPA applies to a horizontal complex of multiple dwellings (*Matter of Salvati v Eimicke*, 72 NY2d 784; *Matter of Traendly v State of N. Y. Div. of Hous. & Community Renewal*, 160 AD2d 883), are questions routinely within DHCR's area of expertise.

Aside from the applicability of rent regulation to aggregated former Mitchell-Lama developments, which is an issue of first impression to which the doctrine of primary jurisdiction does apply, this case involves factual evaluations within the agency's area of expertise (*see, Flacke v Onondaga Landfill Sys.*, 69 NY2d 355). Under the circumstances, judicial review of these evidentiary matters should await exhaustion of administrative remedies (*New York Inst. for Educ. of Blind v United Fedn. of Teachers' Comm. for N. Y. Inst. for Educ. of Blind*, 83 AD2d 390, *affd* 57 NY2d 982). A declaratory judgment action should not be used to wrest this agency of its primary jurisdiction (*Greystone Mgt. Corp. v Conciliation & Appeals Bd.*, 94 AD2d 614, 616, *affd* 62 NY2d 763).

This disposition on jurisdictional grounds renders unnecessary our consideration of defendants' alternate arguments. Concur—Sullivan, P. J., Nardelli, Ellerin and Wallach, JJ. [*See,* 182 Misc 2d 851.]