■ ALICIA BASSETT, Appellant, v WEST SIDE EQUITIES LLC et al., Respondents. [762 NYS2d 43] —Order, Supreme Court, New York County (Walter Tolub, J.), entered April 12, 2002, which denied plaintiff's motion to renew an order granting defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, a first-floor tenant in defendant's building, alleges that the boiler in the basement vibrates, disturbing her quiet enjoyment of the apartment. The tenant previously brought this same claim to the attention of the State Division of Housing and Community Renewal (DHCR), first as an objection to the landlord's application for a major capital improvement rent increase based in part on the installation of the boiler, and subsequently in a decreased services application. In the latter proceeding, DHCR acknowledged "evidence of a slight vibration," but denied relief on the ground that "as of this date" the condition was " 'de minimis.' " Several months later, shortly after DHCR denied the tenant's petition for administrative review, and the City Department of Housing Preservation and Development (HPD) issued a violation directing the landlord to "abate the nuisance consisting of vibration from the boiler," the tenant commenced the instant action in Supreme Court, and the landlord commenced a proceeding in Civil Court to compel the tenant to provide access to the apartment. In the Civil Court proceeding, after HPD "deemed" its violation corrected "based on owner/agent's certification filed with this office as prescribed by the Housing Court Act," the judge inspected the premises and found "NO vibration from the boiler" (emphasis in original). The landlord subsequently moved for summary judgment dismissing the tenant's Supreme Court action, arguing that the tenant was estopped from asserting the alleged vibration by reason of the HPD determinations and the Civil Court finding. Supreme Court agreed, advising the tenant that the four affidavits she submitted in opposition to the motion, attesting to vibration and sworn to after Civil Court's finding, should be presented to Civil Court for its consideration. A week later, the tenant moved to renew, submitting a new HPD violation that was issued while the landlord's motion for summary judgment was sub judice, again directing the landlord to abate the nuisance caused by vibration from the boiler. Supreme Court denied renewal, again advising the tenant to present the new evidence to Civil Court.

The disposition is correct (*see Capital Tel. Co. v Pattersonville Tel. Co.*, 56 NY2d 11, 17 [1982]), and the advice appropriate (*see* CPLR 5015 [a] [2]). Concur—Buckley, P.J., Mazzarelli, Rosenberger, Friedman and Marlow, JJ.