(September 4, 2003)

■ SUSANNA WONG, Respondent, v GOUVERNEUR GARDENS HOUSING CORP., Appellant. [764 NYS2d 53] —Order, Supreme Court, New York County (Louis York, J.), entered January 16, 2003, which granted plaintiff's motion for a *Yellowstone* injunction and denied defendant-appellant's cross motion to dismiss the action, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion denied, the cross motion granted, the injunctive relief vacated and defendant is authorized to pursue whatever administrative remedies it may have in proceedings before the New York City Department of Housing Preservation and Development. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff is the cooperative shareholder of apartment 4D in a residential building located at 75 Montgomery Street, owned by defendant Gouverneur Gardens Housing Corp. Defendant is a limited-profit housing company created pursuant to article II of the New York State Private Housing Finance Law, also known as the Mitchell-Lama Law. Defendant and all other Mitchell-Lama cooperatives and rental housing units operate

under the regulatory oversight of the New York City Department of Housing Preservation and Development (HPD).

In May 2001, defendant served plaintiff with a preliminary notice of grounds for eviction (Notice) seeking to terminate her tenancy on the grounds that she violated the terms of her occupancy agreement and New York City regulations in that her application and tenancy were not approved by HPD (*see* 28 RCNY 3-02 [h] [5]), her name was not on the mandated waiting list (*see* 28 RCNY 3-02 [h] [8]), and she did not meet the eligibility requirements for the apartment (*see* 28 RCNY 3-03). The Notice further alleged that she obtained possession of her apartment by "material misrepresentations of facts as to [her] qualifications for the Apartment" and by "fraudulent means, including but not limited to, the payment of monies to individuals over and above the HPD mandated resale price."

The Notice also stated that if plaintiff failed to cure said defaults within 10 days from its service upon plaintiff, "the Cooperative will apply to the HPD for a Certificate of Eviction against you and a hearing will be scheduled at a date, time and place to be determined by HPD."

Before the 10-day cure period expired, plaintiff commenced the instant action seeking a *Yellowstone* injunction to stay the expiration of the cure period and to enjoin defendant from taking any action to terminate her lease, pending the determination of her action for declaratory judgment that she was the lawful occupant of apartment 4D. The motion court granted a temporary restraining order (TRO), pending determination of plaintiff's motion for injunctive relief.

In support of her motion, plaintiff submitted an affidavit detailing her ownership history. According to plaintiff, she initially purchased shares of stock and entered into an occupancy agreement for apartment 7F on March 1, 1994, and some time thereafter sought a transfer to a larger apartment. After receiving several notices from defendant concerning her status on the waiting list (which she attached to her motion), she accepted a transfer to apartment 4D in September 1997, and paid a $9,747 equity charge and a maintenance fee of $413.66 for the first month. Plaintiff further alleged that at the time of the transfer, defendant's agents orally informed her that new stock certificates could not be provided because of a fire at the management building, but that her tenancy arrangement would be identical to the prior one. Plaintiff also pointed out that defendant had accepted her maintenance checks for the next four years.

Defendant cross-moved to vacate the TRO and to dismiss the

action, arguing that the court should not exercise its discretionary jurisdiction in this dispute because HPD had authority over the matter. Defendant further asserted that plaintiff had no right to the injunctive relief requested.

The motion court granted plaintiff's motion for a *Yellowstone* injunction, stating that although such relief is ordinarily not available to residential tenants, plaintiff had demonstrated the threat of termination of her lease and forfeiture, as well as a desire to cure any breach. The court further held that Civil Court would not afford plaintiff the relief she needs since the fraud allegations were not curable under Real Property Actions and Proceedings Law § 753 (4), and plaintiff was entitled to an injunction and discovery, neither of which were available in Civil Court.

On appeal, defendant argues that the motion court abused its discretion in exercising jurisdiction over the instant matter because plaintiff failed to exhaust her administrative remedies and no showing has been made that plaintiff could not be afforded full relief before the administrative tribunal or in subsequent judicial proceedings. As we agree that Supreme Court should have declined jurisdiction, we reverse, vacate the injunctive relief and grant defendant's cross motion to dismiss the action.

"The doctrine of primary jurisdiction is intended to coordinate the relationship between courts and administrative agencies to the end that divergence of opinion between them not render ineffective the statutes with which both are concerned, and to the extent that the matter before the court is within the agency's specialized field, to make available to the court in reaching its judgment the agency's views concerning not only the factual and technical issues involved but also the meaning of the statute administered by the agency" (*Capital Tel. Co. v Pattersonville Tel. Co.*, 56 NY2d 11, 22 [1982]; *see Davis v Waterside Hous. Co.*, 274 AD2d 318 [2000], *lv denied* 95 NY2d 770 [2000]). " '[W]hile concurrent jurisdiction does exist, where there is an administrative agency which has the necessary expertise to dispose of an issue, in the exercise of discretion, resort to a judicial tribunal should be withheld pending resolution of the administrative proceeding' " (*id.* at 318-319, quoting *Haddad Corp. v Redmond Studio*, 102 AD2d 730, 730 [1984]).

In *Davis v Waterside Hous. Co.* (*supra*), the plaintiff tenants sought a preliminary injunction to prevent defendant coopera-

tive from withdrawing from the Mitchell-Lama program, which plaintiffs feared would cause their apartments to lose rent-stabilized status. In granting injunctive relief and denying defendants' cross motion to dismiss plaintiffs' declaratory judgment action, Supreme Court rejected the defendant's argument that the issue should first be considered by the Division of Housing and Community Renewal (DHCR). We reversed, finding that under the doctrine of primary jurisdiction, "judicial review of these * * * matters should await exhaustion of administrative remedies" (*id.* at 319). We further noted that "primary administrative review is particularly important where the matters under consideration are inherently technical and peculiarly within the expertise of the agency" (*id.*), and that the issue of whether a building is subject to rent regulation was clearly within DHCR's expertise.

In view of HPD's similar expertise and oversight of the Mitchell-Lama program, deferral to administrative review in this matter is appropriate. In particular, the Notice served on plaintiff raised questions pertaining to HPD's oversight of the mandated waiting list procedures and its approval of tenancies, apartment transfers and applicant eligibility (*see* 28 RCNY 3-02, 3-03). The allegations in the Notice also raise a serious question as to plaintiff's having obtained her apartment through fraudulent means, a matter of obvious concern to HPD. As each of these matters lies squarely within the technical expertise of HPD, deference to administrative review is appropriate (*Davis v Waterside Hous. Co., supra*).

In addition, the New York City Rules and Regulations (City Rules) contain detailed procedures for termination proceedings before HPD, mandating a preliminary notice of grounds for eviction, an administrative hearing, an issuance of a certificate of eviction if such grounds are upheld and the right to review by way of a CPLR article 78 proceeding (28 RCNY 3-18 [a], [b], [c]). Additionally, under the City Rules, cooperatives and landlords under the Mitchell-Lama program are expressly prohibited from commencing an eviction proceeding based upon a holdover or a breach of lease unless a certificate of eviction issued by HPD is obtained (28 RCNY 3-18 [a]). It is obvious, therefore, that the administrative scheme at issue in this case contemplates initial review by HPD (*see Sohn v Calderon*, 78 NY2d 755, 767 [1991] [instances where eviction proceedings may be commenced only after agency-issued certificates of eviction, and where review is limited to article 78 proceedings,

evince a legislative intent to have such cases determined by the agency in the first instance]).*

Contrary to plaintiff's suggestion, the fact that HPD had not yet scheduled an administrative hearing is not a proper basis for Supreme Court's exercise of jurisdiction (see Davis v Waterside Hous. Co., supra), especially since it was plaintiff's resort to a judicial forum which effectively forestalled HPD's continued prosecution of the administrative proceeding.

We reject the motion court's conclusion that injunctive relief was appropriate because plaintiff could not obtain adequate relief in Civil Court. Although plaintiff cites cases which have authorized Supreme Court injunctive relief where a tenant cannot obtain a postjudgment opportunity to cure (see Lexington Ave. & 42nd St. Corp. v 380 Lexchamp Operating, 205 AD2d 421, 423 [1994]; Seligmann v Parcel One Co., 170 AD2d 344, 345 [1991]), the situation here is distinguishable in that the allegation that plaintiff obtained possession of the apartment by fraudulent means is not a curable breach (see 28 RCNY 3-18 [b]; Matter of Waterside Redevelopment Co. v Department of Hous. Preserv. & Dev., 270 AD2d 87, 88, lv denied 95 NY2d 765 [2000]; see also Zona, Inc. v Soho Centrale, 270 AD2d 12 [2000]).

We are equally unpersuaded by plaintiff's argument that Supreme Court's exercise of jurisdiction is necessary given her need for discovery regarding the allegations of fraud in the Notice. The detailed procedures in the City Rules afford plaintiff the right to a fair hearing and judicial review by way of a CPLR article 78 proceeding. Concur—Buckley, P.J., Mazzarelli, Ellerin, Williams and Gonzalez, JJ.

---

* Although it is unnecessary for us to decide the question, HPD arguably had *exclusive* jurisdiction over defendant's attempt to evict plaintiff for violating the City Rules (see Sohn v Calderon, 78 NY2d 755 [1991]; Lindsay Park Hous. Corp. v Grant, 190 Misc 2d 777, 777-778 [App Term, 2d Dept 2001]).