150 GREENWAY TERRACE, LLC, Appellant, v OSCAR GOLE et al., Respondents. [831 NYS2d 224]—

In an action, inter alia, for a judgment declaring that the plaintiff is no longer required to provide storage space for the defendants, and for related injunctive relief, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated June 28, 2005, as granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211.

Ordered that the order is affirmed insofar as appealed from, with costs.

An order of the Division of Housing and Community Renewal (hereinafter the DHCR) found that the plaintiff, the owner of the subject building, denied services to certain tenants by restricting their access to certain storage spaces. The plaintiff filed a petition for administrative review of the DHCR order, and the matter has not reached a final determination.

" 'The doctrine of primary jurisdiction is intended to coordinate the relationship between courts and administrative

agencies to the end that divergence of opinion between them not render ineffective the statutes with which both are concerned, and to the extent that the matter before the court is within the agency's specialized field, to make available to the court in reaching its judgment the agency's views concerning not only the factual and technical issues involved but also the scope and meaning of the statute administered by the agency' " (*Davis v Waterside Hous. Co.*, 274 AD2d 318 [2000], quoting *Capital Tel. Co. v Pattersonville Tel. Co.*, 56 NY2d 11 [1982]). " '[W]hile concurrent jurisdiction does exist, where there is an administrative agency which has the necessary expertise to dispose of an issue, in the exercise of discretion, resort to a judicial tribunal should be withheld pending resolution of the administrative proceeding' " (*Davis v Waterside Hous. Co., supra* at 318-319, quoting *Eli Haddad Corp. v Redmond Studio,* 102 AD2d 730 [1984]). Here, the DHCR has not reached a final resolution of the matter. Under such circumstances, judicial review over the matter should await the exhaustion of administrative remedies (*see Wong v Gouverneur Gardens Hous. Corp.*, 308 AD2d 301 [2003]; *Davis v Waterside Hous. Co., supra; Nasaw v Jemrock Realty Co.*, 225 AD2d 385 [1996]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (*see Wong v Gouverneur Gardens Hous. Corp., supra; Davis v Waterside Hous. Co., supra*).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Santucci, Krausman and Balkin, JJ., concur.