In an action to recover rent overcharges, and a related summary eviction proceeding which was removed from the Justice Court of the Town of Greenburgh to the Supreme Court to be jointly tried with the action, Pinewood Apt. Assoc., Inc., appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Lefkowitz, J.), dated July 20, 2011, which, upon a decision of the same court dated April 11, 2011, in effect, granted the motion of Stephanie Wilcox for summary judgment on the complaint in the action, denied its cross motion for summary judgment dismissing the complaint in the action, in effect, granted its petition in the proceeding only to the extent of awarding it the sum of $9,930.87 for nonpayment of rent, and is in favor of Stephanie Wilcox and against it in the principal sum of $43,608.
Ordered that the order and judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of the motion and cross motion to be made following the prompt resubmission of the overcharge complaint to, and determination of that complaint by, the New York State Division of Housing and Community Renewal.
The Supreme Court improperly disregarded the two-year limitations period for commencement of an action against a *874 landlord to recover damages for an overcharge in violation of an order prescribing the maximum rent with respect to the rent-controlled housing accommodations for which such rent is received (see McKinney’s Uncons Laws of NY § 8591 [5]). It is undisputed that the landlord, Pinewood Apt. Assoc., Inc. (hereinafter Pinewood), violated the June 9, 2003, order of the New York State Division of Housing and Community Renewal (hereinafter the DHCR). Moreover, that order, which remained in effect during the relevant two-year period preceding the commencement of the action to recover rent overcharges, should be taken into consideration in determining the amount that Stephanie Wilcox, the tenant, was overcharged (see Matter of Cintron v Calogero, 15 NY3d 347 [2010]). However, Wilcox may not recover any overcharges which accrued more than two years prior to the commencement of the action.
While this Court has jurisdiction to determine the issues of the actual amount of the overpayment, whether it was willful, and whether treble damages are warranted (see McKinney’s Uncons Laws of NY § 8591 [2]), those issues would be more appropriately determined by the DHCR pursuant to the doctrine of primary jurisdiction, “which represents an effort to ‘coordinate the relationship between courts and administrative agencies,’ [and] generally enjoins courts having concurrent jurisdiction to refrain from adjudicating disputes within an administrative agency’s authority, particularly where the agency’s specialized experience and technical expertise is involved” (Sohn v Calderon, 78 NY2d 755, 768 [1991], quoting Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11, 22 [1982]). While concurrent jurisdiction exists, where there is an administrative agency which has the necessary expertise to dispose of an issue, in the exercise of discretion, resort to a judicial tribunal should be withheld pending resolution of the administrative proceeding (see Wong v Gouverneur Gardens Hous. Corp., 308 AD2d 301 [2003]).
Wilcox originally filed her overcharge complaint with the DHCR, but subsequently withdrew it and commenced the rent overcharge action instead. As it is evident from this record that the remaining issues to be decided in this action involve factual evaluations which must be made based almost entirely upon the interpretation of DHCR orders pertaining to the premises, and since the DHCR is best suited to interpret its own orders, we reverse the order and judgment and remit the matter to the Supreme Court, Westchester County, for a new determination of the motion and cross motion following the prompt resubmission by Wilcox of the overcharge complaint to the DHCR, and a de *875 termination thereof by the DHCR (see Olsen v Stellar W. 110, LLC, 96 AD3d 440 [2012]; 150 Greenway Terrace, LLC v Gole, 37 AD3d 792 [2007]; Nasaw v Jemrock Realty Co., 225 AD2d 385 [1996]).
The remaining contention of Pinewood is without merit. Florio, J.E, Dickerson, Sgroi and Miller, JJ., concur.