New York Ind. Contrs. Alliance, Inc. v Consolidated Edison Co. of N.Y., Inc. (2020 NY Slip Op 07386)





New York Ind. Contrs. Alliance, Inc. v Consolidated Edison Co. of N.Y., Inc.


2020 NY Slip Op 07386


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-06911
 (Index No. 708737/17)

[*1]New York Independent Contractors Alliance, Inc., appellant, 
v
Consolidated Edison Company of New York, Inc., respondent.


Law Offices of Jennifer Smith PLLC, New York, NY, for appellant.
Morgan, Lewis & Bockius LLP, New York, NY (Stacey Anne Mahoney, Hugo Ruiz de la Torre, and James D. Nelson, pro hac vice, of counsel), for respondent.



DECISION & ORDER
In an action for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered April 17, 2018. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff filed a petition before the Public Service Commission seeking redress against the defendant, and the matter has not been concluded. Thereafter, the plaintiff commenced this action against the defendant for declaratory relief. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order entered April 17, 2018, the Supreme Court granted the defendant's motion. The plaintiff appeals.
The Supreme Court determined that this action is barred by the doctrine of res judicata because the claim asserted herein could have been asserted in a prior action commenced in the Federal District Court, which action was dismissed. We disagree. The dismissal of a federal action does not bar a state claim if "'it is clear that the Federal court as a matter of discretion did decline or would have declined to exercise [supplemental] jurisdiction'" over the state claim (see Ulric v Insurance Co. of State of Penn., 259 AD2d 1, 4, quoting McLearn v Cowen & Co., 48 NY2d 696, 698). Under the circumstances presented here, it is clear that the Federal District Court would have declined to exercise supplemental jurisdiction over the state claim (see Urlic v Insurance Co. of State of Penn., 259 AD2d at 4; cf. Uzamere v Uzamere, 89 AD3d 1013, 1014).
We agree with the Supreme Court's determination to grant the defendant's motion to dismiss the complaint. "The doctrine of primary jurisdiction is intended to co-ordinate the relationship between courts and administrative agencies to the end that divergence of opinion between them not render ineffective the statutes with which both are concerned, and to the extent that the matter before the court is within the agency's specialized field, to make available to the court in reaching its judgment the agency's views concerning not only the factual and technical issues involved but also the scope and meaning of the statute administered by the agency" (150 Greenway Terrace, LLC v Gole, 37 AD3d 792, 792-793 [internal quotation marks omitted]; see Capital Tel. [*2]Co. v Pattersonville Tel. Co., 56 NY2d 11, 22; Davis v Waterside Hous. Co., 274 AD2d 318, 318). "[W]hile concurrent jurisdiction does exist, where there is an administrative agency which has the necessary expertise to dispose of an issue, in the exercise of discretion, resort to a judicial tribunal should be withheld pending resolution of the administrative proceeding" (150 Greenway Terrace, LLC v Gole, 37 AD3d at 793 [internal quotation marks omitted]). Here, this action raises issues—such as whether the Public Service Commission has, pursuant to Public Service Law § 115, directed that the defendant award the contracts at issue to the lowest responsible bidder, and whether the defendant's change to the contracts' terms and conditions violates that directive—that should be resolved in the pending proceeding before the Public Service Commission before resort, if any, is made to judicial review (see 150 Greenway Terrace, LLC v Gole, 37 AD3d at 793; see also Brownsville Baptist Church v Consolidated Edison Co. of N.Y., 272 AD2d 358, 359).
The parties' remaining contentions do not warrant a contrary result.
RIVERA, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court