Calle v National Grid USA Serv. Co., Inc. (2024 NY Slip Op 04190)

Calle v National Grid USA Serv. Co., Inc.

2024 NY Slip Op 04190

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
JOSEPH J. MALTESE
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2023-08310
 (Index No. 714271/22)

[*1]Nelly Calle, etc., respondent, 
v
National Grid USA Service Company, Inc., appellant.

Day Pitney LLP, New York, NY (Paul R. Marino and Palak Sharma of counsel), for appellant.
James C. Kelly, New York, NY, for respondent.

DECISION & ORDER
In a putative class action, inter alia, to recover damages for unjust enrichment and for related injunctive relief, the defendant appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), dated June 6, 2023. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint is granted.
The plaintiff is a customer of Brooklyn Union Gas Company (hereinafter Brooklyn Union), a public utility that distributes natural gas to customers in New York City. In July 2022, the plaintiff commenced this putative class action alleging that she and other customers were improperly charged fines by the defendant for allegedly failing to timely schedule gas meter inspections. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint on the ground, among others, that the Public Service Commission had primary jurisdiction over the plaintiff's claims. In an order dated June 6, 2023, the Supreme Court denied the defendant's motion. The defendant appeals.
"The doctrine of primary jurisdiction is intended to co-ordinate the relationship between courts and administrative agencies to the end that divergence of opinion between them not render ineffective the statutes with which both are concerned, and to the extent that the matter before the court is within the agency's specialized field, to make available to the court in reaching its judgment the agency's views concerning not only the factual and technical issues involved but also the scope and meaning of the statute administered by the agency" (Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11, 22; see New York Ind. Contrs. Alliance, Inc. v Consolidated Edison Co. of N.Y., Inc., 189 AD3d 1052, 1053). "[W]hile concurrent jurisdiction does exist, where there is an administrative agency which has the necessary expertise to dispose of an issue, in the exercise of discretion, resort to a judicial tribunal should be withheld pending resolution of the administrative proceeding" (150 Greenway Terrace, LLC v Gole, 37 AD3d 792, 793 [internal quotation marks omitted]).
Here, the Public Service Commission has primary jurisdiction over the plaintiff's claims (see North Atl. Utils. v Keyspan Corp., 307 AD2d 342, 343; Brownsville Baptist Church v [*2]Consolidated Edison Co. of N.Y., 272 AD2d 358, 359). The defendant was permitted to impose a $100 fine on any customer who prevented or hindered Brooklyn Union from inspecting the gas meters and gas lines of a building (see Public Service Law § 65[9][b]). Thus, the plaintiff's claim that she and other members of the prospective class were improperly charged a fine involves intricate questions of fact, thereby requiring the specialized knowledge and expertise of the Public Service Commission (see Lamparter v Long Is. Light. Co., 90 AD2d 496, 496; Guglielmo v Long Is. Light Co., 83 AD2d 481, 484). Moreover, to the extent that the plaintiff seeks to enjoin the defendant from "unfairly issuing fines" to customers, this request for relief raises issues concerning whether the defendant abided by the Public Service Commission's orders and, thus, falls within the expertise of the Public Service Commission.
Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
In light of our determination, we need not reach the parties' remaining contentions.
LASALLE, P.J., MALTESE, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court