Riverdale Jewish Ctr. v Consolidated Edison Co. of N.Y., Inc. (2024 NY Slip Op 06314)

Riverdale Jewish Ctr. v Consolidated Edison Co. of N.Y., Inc.

2024 NY Slip Op 06314

Decided on December 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 17, 2024

Before: Manzanet-Daniels, J.P., Webber, Moulton, Rodriguez, Rosado, JJ. 

Index No. 651032/22 Appeal No. 3253-3254 Case No. 2023-05856, 2023-06098 

[*1]Riverdale Jewish Center, etc, Plaintiff-Appellant,
v
Consolidated Edison Company of New York, Inc., Defendant-Respondent.

Susman Godfrey L.L.P., New York (Geng Chen of counsel), for appellant.
Davis Polk & Wardwell LLP, New York (Frances E. Bivens of counsel), for respondent.

Amended order, Supreme Court, New York County (Margaret A. Chan, J.), October 26, 2023, which granted defendant's motion to dismiss plaintiff's amended complaint to the extent of dismissing it without prejudice, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about October 24, 2024, unanimously dismissed, without costs, as superseded by the amended order.
Plaintiff alleges that the residential insert pamphlet distributed by defendant to its gas customers was inaccurate and misled qualifying religious institutions into selecting a less advantageous rate. While concurrent jurisdiction does exist, it was a provident exercise of the court's discretion to defer primary jurisdiction to New York State Public Service Commission (PSC), which has the necessary expertise to dispose of the issue, with resort to a judicial tribunal withheld pending resolution of the administrative proceeding (see Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11, 22 [1982]; Olsen v Stellar W. 110, LLC, 96 AD3d 440, 441-442 [1st Dept 2012], lv dismissed 20 NY3d 1000 [2013]). Deference to the PSC at this juncture avoids the possibility of inconsistent adjudications. Plaintiff's claim that its suit does not involve the reasonableness of rates is unpersuasive. Although plaintiff does not challenge the individual rates as set, it does challenge defendant's presentation of those rates, claiming that it was done in a manner so as to cause a higher rate assessment, making the primary jurisdiction doctrine applicable (see Porr v NYNEX Corp., 230 AD2d 564, 568 [2d Dept 1997]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2024