Mycklebust v Consolidated Edison Co. of N.Y., Inc. (2025 NY Slip Op 06910)

Mycklebust v Consolidated Edison Co. of N.Y., Inc.

2025 NY Slip Op 06910

Decided on December 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 11, 2025

Before: Kern, J.P., Friedman, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 652679/23|Appeal No. 5362-5363|Case No. 2024-05149, 2025-00700|

[*1]Scotto Mycklebust, Individually and on Behalf of Himself and All Others Similarly Situated, Plaintiff-Appellant,
v
Consolidated Edison Company of New York, Inc., Defendant-Respondent. 

Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, White Plains (Daniel J. Martin of counsel), for appellant.
Davis Polk & Wardwell LLP, New York (Craig J. Bergman of counsel), for respondent.

Amended order, Supreme Court, New York County (Anar Rathod Patel, J.), entered January 14, 2025, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about July 5, 2024, unanimously dismissed, without costs, as superseded by the appeal from the amended order.
Plaintiff challenges defendant's practice of charging a $100 no-access fee to customers who fail to provide access to remove old meters and install new electric remote meters, or smart meters. Plaintiff alleges that the fee is prohibited by Public Service Law § 65, as that section allows fees to be imposed only on customers who refuse to provide access to inspect or read an existing meter.
Supreme Court providently exercised its discretion to defer primary jurisdiction of this action to the New York State Public Service Commission (PSC) (see Riverdale Jewish Ctr. v Consolidated Edison Co. of N.Y., Inc. [Riverdale I], 233 AD3d 554, 554-555 [1st Dept 2024]; see also Flacke v Onondaga Landfill Sys., 69 NY2d 355, 362 [1987]; Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11, 22 [1982]). The law is well settled that questions concerning a public utility's application of its filed tariffs and its compliance with the Public Service Law should be referred to the PSC for first-instance review under the doctrine of primary jurisdiction (see Riverdale Jewish Ctr. v Brooklyn Union Gas Co. [Riverdale II], 237 AD3d 414, 415 [1st Dept 2025]). Because the complaint alleges in the breach of contract cause of action that defendant was not authorized under the applicable tariff to charge the $100 no-access fee, the resolution of plaintiff's claims necessarily requires interpretation of defendant's filed tariff (see Riverdale II, 237 AD3d at 415; see also Matter of Black Radio Network v Public Serv. Commn. of State of N.Y., 253 AD2d 22, 25 [3d Dept 1999]). As a result, deference to the PSC avoids the possibility of inconsistent adjudications (Riverdale I, 233 AD3d at 555).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 11, 2025