■ In the Matter of WATERSIDE REDEVELOPMENT COMPANY, L.P., Petitioner, v DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK et al., Respondents. [704 NYS2d 63] —Determination after hearing of respondent, dated June 23, 1998, which conditionally denied petitioner's request for a certificate of eviction (in this proceeding transferred to this Court pursuant to CPLR 7804 [g] by order of Supreme Court, New York County [Barbara Kapnick, J.], entered on or about April 2, 1999), unanimously annulled, without costs, the petition granted, and respondent directed to issue a certificate of eviction.

Petitioner is a City-Aided Limited Profit Housing Company under article 2 of the Private Housing Finance Law. It is the owner of the premises located at 30 Waterside Plaza and entered into a lease agreement with respondent, Rosenraich. This initial lease was subsequently extended at two year intervals with the most recent extension being dated January 27, 1997 and ending on March 31, 1999. The lease extension provided for a base monthly rent and utility charge of $1,141.26. Along with the lease, Rosenraich executed a sublet rider, which precluded her from subletting the apartment or permitting the occupancy of the apartment by any persons other than those listed on her rental application. Notwithstanding these restrictions, petitioner discovered that Rosenraich had been renting a portion of the premises to other persons. Accordingly, this proceeding was commenced seeking a certificate of eviction.

At the hearing before the respondent agency, the evidence established that, without petitioner's consent, Rosenraich had rented a room in her apartment to several different people over the course of her tenancy. The average rent charged by Rosenraich was approximately $750 per month, but had been increased to $798 for the most recent occupant.

In her annual Household Income Affidavit, which, as mandated by law, requires the tenant to disclose the composition of the household, including the names, social security numbers and respective income of the occupants, Rosenraich did not reveal that other persons resided in the apartment. In addition, it was established that Rosenraich received $486 per

month in rent payments from the Department of Social Services. This amount, when combined with the rent that Rosenraich was charging the occupant to whom she had rented a room, exceeded the actual rent and utility charges that Rosenraich was paying under the terms of her lease.

At the conclusion of the hearing, the Hearing Officer found that Rosenraich was conducting a business in the apartment by renting out a portion of the premises. It was further found that Rosenraich's actions violated the rules and regulations of the Department of Housing Preservation and Development (HPD). Nevertheless, petitioner's request for a certificate of eviction was denied on the condition that the illegal co-tenant be removed within 30 days and that no further occupants move in without the petitioner's express written permission. This was error.

28 RCNY 3-18 (b) provides that if "the hearing officer finds grounds for the eviction, he or she shall issue a certificate authorizing the housing company to commence summary proceedings for such eviction." Further, a breach of the lease which involves fraud or illegality is not subject to an opportunity to cure (*ibid.*).

Here, Rosenraich's conduct in repeatedly subletting a portion of the apartment without the express written approval of petitioner and HPD, her acceptance of money for such sublet (which, combined with her rent allowance from the Department of Social Services, exceeded her monthly rent), and her intentional failure to include the other occupants, or their income, on her annual income affidavits constituted acts of fraud and/or illegality that were not curable (28 RCNY 3-18 [b]). Accordingly, respondent was obligated to issue a certificate of eviction.

Finally, we note that Rosenraich failed to establish that petitioner waived its right to assert the breach of the lease. While certain notes Rosenraich sent to landlord may have apprised it that there were other individuals in the apartment while she was "at school," these notes did not indicate that anyone other than the lawful occupants were residing in the apartment or paying Rosenraich rent. In any event, any possible waiver was vitiated by Rosenraich's acts of fraud (*cf.*, *Hadden v Consolidated Edison Co.*, 45 NY2d 466). Concur— Tom, J. P., Rubin, Andrias, Buckley and Friedman, JJ.