■ In the Matter of LYDIA PADILLA, Respondent, v HELEN LEVY, Appellant. [751 NYS2d 184] —Judgment, Supreme Court, New York County (Robert Lippmann, J.), entered February 22, 2001, which, in a CPLR article 78 proceeding challenging a certificate issued by the Department of Housing Preservation and Development (DHPD) to Columbus Manor Inc. (Columbus) to evict petitioner, annulled the certificate of eviction, unanimously reversed, on the law, without costs, the administrative determination reinstated and confirmed, the petition denied and the proceeding dismissed.

Because the issue was whether "substantial evidence" supported DHPD's determination to issue a certificate of eviction to Columbus, the IAS court was required to transfer the proceeding to this Court pursuant to CPLR 7804 (g). That court failed to adhere to this procedure. Accordingly, we vacate its determination and review the petition de novo. We also note that the IAS court's decision, summarily reversing the agency's determination in one sentence, without explanation, is an improper practice of which we disapprove.

Upon de novo review, we find substantial evidence to support DHPD's conclusion that from about November 1995 until October 1998, petitioner was using her apartment as a business by leasing it as a "Bed and Breakfast," in violation of paragraph 13 of her lease and DHPD's rules, and that she had

committed fraud by failing to report all of her income from the renting of her apartment (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180). The landlord presented six witnesses at the administrative hearing, who testified not only about petitioner renting her apartment on June 26, 1998 to two German tourists, but also about the unusual number of visitors to petitioner's apartment, who were carrying luggage, who stated to the witnesses that they were from foreign countries, who asked if they were paying too much for the apartment, and who, upon meeting petitioner in the lobby, appeared to be strangers to her. The landlord also produced documentary evidence supporting the conclusion that petitioner was advertising her apartment for short-term rental, over the Internet, as a "Bed and Breakfast." Finally, the Hearing Officer was warranted in drawing a negative inference from petitioner's failure to testify at the hearing.

Having concluded that petitioner committed an egregious violation of the terms of her lease and DHPD's rules by using her apartment for business purposes, the agency appropriately issued a certificate of eviction, a penalty which does not shock our sense of fairness (*Matter of Waterside Redevelopment Co. v Department of Hous. Preserv. & Dev.*, 270 AD2d 87, 88, *lv denied* 95 NY2d 765). Concur—Mazzarelli, J.P., Saxe, Ellerin, Lerner and Marlow, JJ.