■ In the Matter of EVELYN NEGRON, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [944 NYS2d 86]—

Determination of respondent New York City Housing Authority, dated May 26, 2010, terminating petitioner's public housing tenancy, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Emily Jane Goodman, J.], entered January 7, 2011), dismissed, without costs.

Substantial evidence supports the findings that petitioner filed false affidavits of income from 2006, by failing to report her ownership of a second home in New Windsor, and that she allowed her son and his family to occupy the subject apartment without permission (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). It is uncontested that the affidavits of income did not include petitioner's conceded ownership of the separate property, and that petitioner never sought permission for her son and his family to reside in the subject apartment. Moreover, petitioner's son and his wife admitted to an investigator that they were the only adults residing at the apartment. Although the son denied such admission at the hearing, he conceded that he and his wife and child stay at the apartment on days when his child is in school, which is five days per week. Documentary evidence also supported the finding that petitioner did not reside in the apartment, but in the New Windsor home.

The penalty of termination does not shock our sense of fairness (*see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]; *see Matter of Waterside Redevelopment Co. v Department of Hous. Preserv. & Dev. of City of N.Y.*, 270 AD2d 87, 88 [2000], *lv denied* 95 NY2d 765

[2000]). Concur—Tom, J.P., Andrias, Catterson, Acosta and Manzanet-Daniels, JJ.