■ ALBANY-BINGHAMTON EXPRESS, INC., Appellant, v BORDEN, INC., Respondent. [596 NYS2d 577] —Mahoney, J. Appeal from an order of the Supreme Court (Fischer, J.), entered May 13, 1991 in Broome County, which, *inter alia*, stayed the action and referred the matter to the Commissioner of Transportation.

Several months after expiration of the parties' contract and full payment by defendant thereunder, plaintiff, a motor carrier, commenced this action against defendant to recover, among other things, $236,604.24 in undercharges which resulted when plaintiff billed defendant for certain transportation services rendered within the State from February 1985 through December 1987 pursuant to a negotiated contract rate which was 45% lower than the rate contained in plaintiff's tariff schedule filed with the Department of Transportation

(hereinafter DOT). In its answer defendant alleged that it was an unreasonable practice for plaintiff to demand payment of the alleged undercharges in these circumstances and that the matter should be referred to DOT to exercise its primary jurisdiction over the issue of rate unreasonableness. Following joinder of issue, plaintiff moved for partial summary judgment on its undercharge claim. Defendant cross-moved for the same relief or, in the alternative, for an order of reference to DOT. Supreme Court granted defendant's alternative request and deferred resolution of the motion and cross motion pending consideration by DOT. Plaintiff appeals.

We affirm. It is well established that the doctrine of primary jurisdiction " 'applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body' " (Staatsburg Water Co. v Staatsburg Fire Dist., 72 NY2d 147, 156, quoting United States v Western Pac. R. R. Co., 352 US 59, 64). Such is the case here. At issue is, among other things, whether plaintiff was a contract carrier or a common carrier within the meaning of Transportation Law §§ 179 and 180 and, if a common carrier, whether charging a rate less than the tariff rate is an unreasonable practice. Concededly, matters involving the classification of intrastate carriers and the reasonableness of tariff rates and practices are matters in which DOT is statutorily required to be involved (see, Transportation Law §§ 137, 178-180). Moreover, inasmuch as resolution of the issues presented requires a need for DOT's expertise and specialized knowledge and involves certain questions of apparent first impression,* it seems prudent to make available the agency's views on this subject, not only in an effort to integrate the regulatory agency into the judicial decision making process, but to provide the courts with the benefit of the advice of the agency entrusted with administration of the highly regulated transportation industry. That being the case, the order of reference, in our view, was in all respects proper (see, Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11, 22; Western Union Intl. v Western Union Tel. Co., 110 Misc 2d 78).

Levine, J. P., Mercure, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.

---

* While the United States Supreme Court has rejected the unreasonable practice defense as a defense to the filed rate doctrine as a matter of Federal law (see, Maislin Indus. v Primary Steel, 497 US 116), that issue has not been decided as a matter of State law.