■ DEBORAH A. HELLER et al., Appellants, v COCA-COLA COMPANY et al., Respondents. [646 NYS2d 524] —In an action, *inter alia,* for a permanent injunction and to recover damages for fraud and deceit, consumer fraud, and unjust enrichment, the plaintiffs appeal from (1) so much of an order of the Supreme Court, Kings County (Shaw, J.), dated May 15, 1995, as granted the defendants' motion to dismiss the amended complaint and denied, as moot, their cross motion for class action certification and partial summary judgment, and (2) an order of the same court, dated October 31, 1995, which denied their motion, in effect, for renewal.

Ordered that the order dated May 15, 1995, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated October 31, 1995, is affirmed; and it is further,

Ordered that the respondents appearing separately and filing separate briefs are awarded one bill of costs.

This is a proposed class action filed against nine soft drink manufacturers and distributors. In their amended complaint, the plaintiffs allege that they and similarly-situated consumers purchased and attempted to consume soft drinks that contained the artificial sweetener Aspartame, after such products had become spoiled, stale, or tasteless, due to the limited shelf life of Aspartame. The plaintiffs assert causes of action, *inter alia,* to recover damages for fraud and deceit, consumer fraud, and unjust enrichment. They also seek to compel the defendants, *inter alia,* to disclose the "use by" or expiration dates on all diet soft drinks sold by the defendants.

The Supreme Court properly determined that the administrative law doctrine of primary jurisdiction is applicable in the instant matter. The doctrine of primary jurisdiction " 'applies

where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body' " (*Staatsburg Water Co. v Staatsburg Fire Dist.*, 72 NY2d 147, 156, quoting *United States v Western Pac. R. R. Co.*, 352 US 59, 64; *see also, Albany-Binghamton Express v Borden, Inc.*, 192 AD2d 887, 888; *Matter of Patti Ann H. v New York Med. Coll.*, 88 AD2d 296). There is no fixed formula governing the application of the doctrine to the facts of a particular case. Rather, the court must determine in each case whether the reasons for the doctrine are present and whether the purposes of the doctrine will be served by its application (*see, United States v Western Pac. R. R. Co., supra*). The reasons for the development of the doctrine are essentially twofold: a need for the expertise and specialized knowledge of an administrative agency and a need for consistency and uniformity in an industry which is nationally regulated (*see, Far E. Conference v United States,* 342 US 570; *Texas & Pac. Ry. Co. v Abilene Cotton Oil Co.*, 204 US 426).

Foods, drugs, and cosmetics are regulated pursuant to the Federal Food, Drug, and Cosmetic Act of 1938 (*see,* 21 USC § 301 *et seq.*). The Food and Drug Administration (hereinafter the FDA) administers this Act and has been authorized by Congress to approve food additives, such as Aspartame (*see,* 21 CFR 5.10). On July 8, 1983, the FDA issued a final rule that permitted the additional use of Aspartame as a sweetener in carbonated beverages and carbonated beverage syrup bases (*see,* 21 CFR 172.804 [c] [6]). Before approving this new use, the agency reviewed, among other things, the stability of Aspartame in carbonated beverages (*see,* 48 Fed Reg 31376, 31377; 49 Fed Reg 6672). In this regard, the FDA was presented with data relating to the decomposition of Aspartame in aged carbonated beverage preparations stored at different temperatures (*see,* 48 Fed Reg 31377).

Further, the introduction or delivery for introduction into interstate commerce of any food that is misbranded is prohibited (*see,* 21 USC § 331 [a]). A food is misbranded if "its labeling is false or misleading in any particular" manner (21 USC § 343 [a]). The FDA has promulgated labeling requirements regarding the use of Aspartame (*see,* 21 CFR 172.804). These requirements do not include the "use by" or expiration dates requested by the plaintiffs.

Based on the foregoing, the Supreme Court properly deferred the issues presented concerning the appropriateness of the

labeling of beverages containing Aspartame and the use of Aspartame in aged soft drinks to the FDA. This will ensure that there will be national uniformity in the labeling of Aspartame and will utilize the special expertise of the FDA in evaluating the relevant factors for approving food additives. This is especially true given the fact that the FDA considered for over a decade the stability characteristics of Aspartame.

We reject the plaintiffs' claim that primary jurisdiction should not be applied because the FDA cannot grant compensatory damages. The doctrine of primary jurisdiction is applicable even if the agency has no power to award the damages sought in the court action (*see, Alberta Gas Chems. v Celanese Corp.,* 650 F2d 9, 13-14).

In light of this determination, we decline to reach the remaining contentions of the parties. Sullivan, J. P., Santucci, Joy and Hart, JJ., concur.