◼ BROWNSVILLE BAPTIST CHURCH et al., Appellants, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent. [707 NYS2d 493] —In an action, *inter alia*, to recover damages for violations of Public Service Law § 76, the plaintiffs appeal from an order of the Supreme Court, Kings County (Jones, J.), dated November 17, 1998, which, upon granting the defendant's motion for reargument, dismissed the complaint on the ground that it is barred by the doctrine of primary jurisdiction.

Ordered that the order is affirmed, with costs.

The plaintiffs assert that the defendant did not properly alert them to the availability of the lower utility rate guaranteed to religious organizations by Public Service Law § 76, and that the defendant's eligibility requirements for such lower rates were unreasonable. The plaintiffs claim that, as a result, they were improperly charged higher commercial rates for several years, for which they have been only partially reimbursed by the defendant.

The Supreme Court correctly determined that the doctrine of primary jurisdiction requires that this matter first be referred to the Public Service Commission for its assessment. The reasonableness of a utility's rates, rules, or practices is properly submitted first to the agency which has been vested by the Legislature with the authority to regulate and review such matters (*see, e.g., United States v Western Pac. R. R. Co.*, 352 US 59; *Capital Tel. Co. v Pattersonville Tel. Co.*, 56 NY2d 11; *see also, Uniformed Firefighters Assn. v City of New York*, 79 NY2d 236, 241-242; *Albany-Binghamton Express v Borden, Inc.*, 192 AD2d 887, 888).

Under the circumstances, the plaintiffs' common-law and statutory causes of action were properly dismissed, as they amount to little more than "collateral attacks on the [Public Service Commission's] rate determinations" (*Porr v NYNEX Corp.*, 230 AD2d 564, 576; *see also, Heller v Coca Cola Co.*, 230 AD2d 768, 770). Thompson, J. P., Friedmann, Florio and Smith, JJ., concur.