OPINION OF THE COURT
Memorandum.
Ordered that the judgment is reversed, without costs, the action is reinstated, and the matter is remitted to the Small Claims Part of the Civil Court for a new trial.
In this small claims action plaintiff seeks to recover the sum of $3,313, alleging that defendant’s failure to provide proper repairs caused damage to her personal property. After a non-jury trial, at which it was revealed that plaintiff had filed complaints with the City of New York Department of Housing Preservation and Development, the State of New York Division of Housing and Community Renewal, and the New York City Department of Buildings with respect to issues related to those raised herein, the Civil Court dismissed the action without prejudice. The court stated that the issues before the court would be more appropriately determined after the various agencies, who have the necessary expertise, render their final decisions.
The doctrine of primary jurisdiction is intended to coordinate the relationship between courts and administrative agencies to the end that a divergence of opinion between them not render ineffective the statutes with which both are concerned, and, to the extent that the matter before the court is within the agency’s specialized field, to make available to the court in reaching its judgment the agency’s views concerning not only the factual and technical issues involved but also the scope and meaning of the statute administered by the agency (see Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11 [1982]). Here, while the issues of whether there were faulty wires and mold in the apartment were within the expertise of the administrative agencies, the issues before the Civil Court concerned causation and damages. Thus, no coordination between the court action and any administrative agency proceeding is necessary, as there is no risk of inconsistent dispositions (see Wong v *66 Gouverneur Gardens Hous. Corp., 308 AD2d 301 [2003]). Consequently, we find that the court’s determination failed to render substantial justice between the parties (see CCA 1807).
Accordingly, the judgment is reversed and the matter is remitted to the Small Claims Part of the Civil Court for a new trial.
Elliot, J.P., Pesce and Solomon, JJ., concur.