Schumann Solages, Appellant,
against
National Grid, Respondent. 




Schumann Solages, appellant pro se.
Hammill, O'Brien, Croutier, Dempsey, Pender and Koehler, P.C (Anton Piotroski of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered August 7, 2018. The order granted defendant's motion to dismiss the action.




ORDERED that the order is reversed, without costs, and defendant's motion to dismiss the action is denied.
In this small claims action seeking $4,990.61 for an "overcharge," plaintiff appeals from an order of the Civil Court granting defendant's motion to dismiss the action on the ground that the Public Service Commission has primary jurisdiction to resolve what defendant describes as a billing dispute.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). 
"The doctrine of primary jurisdiction is concerned with promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties. The doctrine is intended to coordinate the relationship between courts and administrative agencies so that the agency's views on factual and technical issues, as well as the scope and meaning of the [*2]statute administered by the agency, are made available where the matter before the court is within the agency's specialized field" (2 NY Jur 2d, Administrative Law § 328; see also Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11 [1982]). The doctrine comes into play "whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body" (2 NY Jur 2d, Administrative Law § 328). "There is no fixed formula governing the application of the doctrine to the facts of a particular case. Rather, the court must determine in each case whether the reasons for the doctrine are present and whether the purposes of the doctrine will be served by its application" (Heller v Coca-Cola Co., 230 AD2d 768, 769 [1996]). 
We find that, based on the papers submitted to the Civil Court, it cannot be said that it has been established that the resolution of plaintiff's claims would require "the special competence of an administrative body" (2 NY Jur 2d, Administrative Law § 328). Plaintiff does not seem to challenge, for example, the reasonableness of defendant's rates or raise any other issue requiring the expertise of the Public Service Commission (cf. Lamparter v Long Is. Light. Co., 90 AD2d 496, 496 [1982]; Guglielmo v Long Is. Light Co., 83 AD2d 481, 484 [1981]; Filler v Consolidated Edison, 39 Misc 3d 128[A], 2013 NY Slip Op 50423[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Instead, plaintiff's claim appears to be merely a dispute over what amount of money he has paid to defendant, in which case "no coordination between the court action and any administrative agency proceeding is necessary, as there is no risk of inconsistent dispositions" (Amoamah v Fried, 48 Misc 3d 64, 65 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Consequently, we find that, on this record, the court's dismissal of plaintiff's action failed to render substantial justice between the parties (see CCA 1807).
However, if, at trial, it appears that plaintiff is not simply seeking money in this action, but is, instead, seeking injunctive relief or a declaration that he does not owe money to defendant, we note that such relief is not available in this forum (see CCA 1801 [a small claims action is a cause of action "for money only"]). Moreover, if plaintiff raises issues at trial which require the expertise of the Public Service Commission or would risk inconsistent dispositions between that agency and the courts, the doctrine of primary jurisdiction would apply to his claims.
Accordingly, the order is reversed and defendant's motion to dismiss the action is denied.
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 15, 2019