Frasier v Niagara Mohawk Power Corp. (2025 NY Slip Op 50116(U))

[*1]

Frasier v Niagara Mohawk Power Corp.

2025 NY Slip Op 50116(U)

Decided on January 31, 2025

Supreme Court, Fulton County

Auffredou, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 31, 2025
Supreme Court, Fulton County

Rick Frasier and ELMVUE FARMS, LLC, Plaintiffs,

against
Niagara Mohawk Power Corp., Doing Business as NATIONAL GRID, Defendant.

Index No. EF2019-07711

Harris Beach Murtha Cullina PLLC, Pittsford (Dale A. Worrall and Kyle D. Gooch of counsel), and Bird, Stevens & Borgen, P.C., Rochester, Minnesota (Jeremy R. Stevens, Grant M. Borgen and Danielle T. Bird, admitted pro hac vice, of counsel), for plaintiffs.
Barclay Damon LLP, Albany (William Foster of counsel), and Wheeler Trigg O'Donnell LLP, Denver, Colorado (Rick Nadolink, Ryan W. Cooke and Marisa O. Shearer, admitted pro hac vice, of counsel), for defendant.

Martin D. Auffredou, J.

Motion by defendant for, among other things, referral of this action to the Public Service Commission of the State of New York (PSC) and a stay of the action pending the PSC's determination of the matters referred to it (NYSCEF Motion Seq. No. 12).
The factual landscape of this case is adequately set forth in this court's decision and order entered October 30, 2023. In brief, defendant is an electrical utility that services the Capitol District area of New York State. Plaintiffs, who operate a dairy and cattle farm in Johnstown, New York, claim that stray voltage emanating from defendant's distribution system is impacting their herd to their detriment. They seek monetary damages and, as relevant here, injunctive relief compelling defendant to "take all necessary steps to abate the stray voltage affecting" the farm. The matter is trial-ready but for the pendency of several motions in limine and the instant motion, the aforesaid part of which now comes before the court for decision.
Upon consideration of the affirmation of Ryan W. Cooke, Esq., dated September 4, 2024, [*2]with exhibits; defendant's corrected memorandum of law, dated October 18, 2024; the affirmation of Dale A. Worrall, Esq., dated October 4, 2024, with exhibits; plaintiffs' memorandum of law, dated October 4, 2024; the reply affirmation of Ryan W. Cooke, Esq., dated October 18, 2024; and defendant's reply memorandum of law, dated October 18, 2024, decision is hereby rendered as follows.
Defendant urges the application of the doctrine of primary jurisdiction, which "'applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body'" (Albany-Binghamton Express v Borden, Inc., 192 AD2d 887, 888 [3d Dept 1993], quoting Staatsburg Water Co. v Staatsburg Fire Dist., 72 NY2d 147, 156 [1988]; accord United States v Western Pac. R.R. Co., 352 US 59, 64 [1956]). Defendant asserts that plaintiffs' claim for injunctive relief—requiring defendant to modify its electrical distribution system to remediate the stray voltage, including by replacing its outdated and inadequate 2,400-volt electrical distribution system with a 14,400-volt system, ensuring a 90% relative balance between the three phases of the new 14,400-volt distribution system, and ensuring the same balance among the three phases of the existing 2,400-volt system pending its replacement—implicates the PSC's special competence and its overarching regulatory interests, and presents a "a need for the expertise and specialized knowledge of" the PSC (Heller v Coca-Cola Co., 230 AD2d 768, 769 [2d Dept 1996], appeal dismissed 89 NY2d 856 [1996]). The court agrees.
The PSC "is expressly endowed with all powers necessary or proper to enable it to carry out the purpose of the Public Service Law" (Consol. Edison Co. v Pub. Serv. Commn., 47 NY2d 94, 102 [1979], revd on other grounds 447 US 530 [1980]). It has been said that the PSC possesses the "very broadest of powers" in the regulation of public utilities, to the extent that it is the practical "alter ego of the legislature" (Rochester Gas & Elec. Corp., v Pub. Serv. Commn., 135 AD2d 4, 7 [3d Dept 1987], appeal dismissed 72 NY2d 840 [1988]). It is specifically vested with general supervisory authority over electrical utilities, including the authority to investigate the adequacy, quality and safety of a utility's electrical service, and order improvements and remediation of its distribution systems (see Public Services Law § 66 [1], [2]; see also §§ 4, 65 [1], [14], [16]). It has promulgated regulations establishing procedures for the redress of utility customers' complaints and set forth comprehensive electric safety standards, including standards addressed specifically to stray voltage (see 16 NYCRR part 12; Order Adopting Electric Safety Standards, NY PSC Case No. 04-M-0159, Appx A [January 13, 2015]). The issues surrounding the allegations of stray voltage on plaintiffs' farm and what steps are appropriate to remediate any that may be present thus fall within the PSC's special competence, and it cannot be seriously disputed that the PSC's power and duty to supervise "the manufacture, conveying, transportation, sale [and] distribution of . . . electricity for light, heat or power[,] . . . electric plants[,] and . . . the persons or corporations owning, leasing or operating [them]" extends statewide, with a commensurate need to ensure the uniform application of the PSC's regulatory regime to all electric utilities servicing customers within the state (Public Service Law § 5 [b]; see Romine v Laurito, 186 AD3d 913, 915 [3d Dept 2020]; Heller, 230 AD2d at 769; see also Szymanski v Thumb Elec. Coop., No. 319316, 2015 Mich App Lexis 579, at *4-7 [Ct of Apps of Mich, 1st Dist, March 19, 2015]).
In particular, the court is concerned that awarding the injunctive relief that plaintiffs seek could require defendant to implement changes to its distribution system that are inconsistent with [*3]the PSC's statewide regulatory scheme. This concern highlights the acute need for the PSC's expertise in and specialized knowledge of the provision of electricity to electric utility customers, as to which the court perceives no ground for cavil. The factual issues presented in this case include whether stray voltage is present on the farm, whether any stray voltage on the farm is sourced in defendant's distribution system and due to the distribution system's being outdated or otherwise inadequate to prevent the stray voltage, what remedial measures are appropriate to abate any such issue, and whether such remediation is consistent with the PSC's statewide regulatory scheme and the standards applicable all other electrical utilities that operate thereunder. These are highly technical matters—many of which are sharply disputed by the parties' experts—that the court is poorly positioned to determine; whereas the PSC was created, empowered and staffed for the express purpose of governing electrical utility distribution, among other things (see Romine, 186 AD3d at 915; Albany-Binghamton Express, 192 Ad2d at 888; Lamparter v Long Is. Light. Co., 90 AD2d 496, 496 [2d Dept 1982]; Guglielmo v Long Is. Light. Co., 83 AD2d 481, 483-484, 488-489 [2d Dept 1981]). 
Accordingly, the motion is granted to the extent stated herein, this matter is referred to the PSC and the action is stayed pending the PSC's determination of the issues presented to it, after which plaintiff may return to this court for redress of any of their claims that remain undetermined and legally viable after the PSC's determination (see Guglielmo, 83 AD2d at 488-489). Arguments not specifically addressed herein—including plaintiffs' arguments addressed to the timeliness of defendant's motion—have been examined and determined to be without merit.[FN1]
Based upon the foregoing it is hereby
ORDERED that that branch of defendant's motion (NYSCEF Motion Seq. No. 12) that seeks a stay of the action and referral to the PSC is granted, the action is so referred and is stayed pending the PSC's determination of the questions presented to it or until further order of this court; and it is further
ORDERED that the PSC shall determine (1) whether defendant's electrical distribution system is producing harmful levels of stray voltage at plaintiffs' farm that require mitigation; (2) if so, how best to remediate or mitigate that condition; and (3) any other issue arising within or from this action that the PSC may determine to be within its purview upon presentation of such issue to the PSC by any party to this action; and it is further 
ORDERED that the motions that remain pending herein—to wit, the remainder of NYSCEF Motion Seq. No. 12 (defendant's motion to strike plaintiffs' request for a jury trial), NYSCEF Motion Seq. No. 13 (plaintiffs' cross-motion to amend the complaint), NYSCEF [*4]Motion Seq. No. 14 (plaintiffs' omnibus motion in limine), NYSCEF Motion Seq. No. 15 (defendant's motion to preclude expert testimony), NYSCEF Motion Seq. No. 16 (defendant's motion to preclude expert testimony), NYSCEF Motion Seq. No. 17. (defendant's omnibus motion in limine), and NYSCEF Motion Seq. No. 18 (defendant's motion to deny plaintiffs' omnibus motion in limine)—are held in abeyance pending termination of the stay; and it is further
ORDERED that the pretrial conference scheduled for July 21, 2025 at 9:30 a.m. and the trial scheduled to commence on August 11, 2025 at 9:30 a.m. are cancelled pending termination of the stay, to be thereafter rescheduled if appropriate.
The within constitutes the decision and order of this court.
Signed this 31st day of January 2025, at Lake George, New York.
HON. MARTIN D. AUFFREDOU
JUSTICE OF THE SUPREME COURT

Footnotes

Footnote 1:The court does not agree that defendant's motion is one for summary judgment, a proposition upon which plaintiffs' timeliness argument depends, but rather one for a stay, upon which statute places no temporal limitation (compare CPLR 2201 with 3212 [a]). And while the court is sensitive to plaintiffs' concerns about defendant's bringing this motion only after the parties have brought the case to trial readiness over a period of over five years, defendant has explained the delay to a degree and, at bottom, the considerations that cause this court to refer the case to the PSC are no less compelling now than they might have been at an earlier stage in the action. In the court's view, the ends of substantive justice for the parties, on the one hand, and respect for and deference to the PSC's regulatory prerogative, on the other, require the PSC's participation in this dispute irrespective of the procedural posture of this litigation.