Riverdale Jewish Ctr. v Brooklyn Union Gas Co. (2025 NY Slip Op 01901)

Riverdale Jewish Ctr. v Brooklyn Union Gas Co.

2025 NY Slip Op 01901

Decided on April 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 01, 2025

Before: Manzanet-Daniels, J.P., González, Shulman, Rodriguez, Pitt-Burke, JJ. 

Index No. 650048/23|Appeal No. 4010|Case No. 2023-04938|

[*1]Riverdale Jewish Center et al., Plaintiffs-Appellants-Respondents,
v
The Brooklyn Union Gas Company Doing Business as National Grid, et al., Defendants-Respondents, Long Island Power Authority, Defendant-Respondent-Appellant.

Susman Godfrey L.L.P., New York (Geng Chen of counsel), for appellants-respondents.
Rivkin Radler LLP, Uniondale (Michael P. Versichelli of counsel), for respondent-appellant.
Davis Polk & Wardwell LLP, New York (Frances E. Bivens of counsel), for The Brooklyn Union Gas Company, Niagara Mohawk Power Corporation, New York State Electric & Gas Corporation, Keyspan Gas East Corporation, Consolidated Edison Company of New York, Inc., and Orange and Rockland Utilities, Inc., respondents.
Thompson Hine, New York (Kip Bollin and Joseph Koczko of counsel), for Central Hudson Gas & Electric Corporation, respondent.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered September 1, 2023, which, to the extent appealed from, granted defendants' motions to dismiss the amended complaint to the extent of staying the putative class action pending plaintiffs filing administrative complaints before, and determination thereof by, the Public Service Commission (PSC) or other authorized administrative agency, and declined to dismiss the action as against defendant Long Island Power Authority (LIPA), unanimously affirmed, without costs.
Supreme Court providently stayed the action under the primary jurisdiction doctrine (see Flacke v Onondaga Landfill Sys., 69 NY2d 355, 362 [1987]; Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11, 22 [1982]). The first cause of action for breach of contract essentially alleges that defendants misapplied their tariffs by charging plaintiffs, religious organizations entitled to residential gas and electric utility rates (Public Service Law § 76), corresponding gross revenue tax (GRT) surcharges or, for defendant LIPA, GRT payments in lieu of taxes (PILOT) surcharges at residential customer rates (see generally Tax Law § 186-a). The second cause of action alleges that, other than LIPA, the GRT surcharges are not "just, reasonable, or allowed by law or order of the PSC," in violation of Public Service Law § 65(5). In either case, the determination of whether the utility company "misapplied the applicable tariff, resulting in overcharges" (Township of Thompson v New York State Elec. & Gas Corp., 25 AD3d 850, 851 [3d Dept 2006], lv denied 6 NY3d 713 [2006]; see also Matter of Black Radio Network v Public Serv. Commn. of State of N.Y., 253 AD2d 22, 25 [3d Dept 1999]), and the "reasonableness of a utility's rates, rules, or practices" is properly submitted to the agency authorized to "regulate and review such matters" (Brownsville Baptist Church v Consolidated Edison Co. of N.Y., 272 AD2d 358, 359 [2d Dept 2000]).
The doctrine of primary jurisdiction also applies to plaintiffs' claims of fraud, deceptive business practices, or unjust enrichment, "even if the agency has no power to award the damages" plaintiffs seek in this action (Heller v Coca-Cola Co., 230 AD2d 768, 768-770 [2d Dept 1996], lv denied in part and dismissed in part 89 NY2d 856 [1996]; see also Olsen v Stellar W. 110, LLC, 96 AD3d 440, 441-442 [1st Dept 2012], lv dismissed 20 NY3d 1000 [2013]; Porr v NYNEX Corp., 230 AD2d 564, 567-568 [2d Dept 1997], lv denied 91 NY2d 807 [1998]). We note also that LIPA is empowered to consider customer complaints, with intermediate steps of review involving the PSC (see generally Public Authorities Law § 1020-f; Gunter v Long Island Power Authority/Keyspan, 2011 WL 1225791, *12-13, 2011 US Dist LEXIS 32693, *39-44 [ED NY, Feb. 15, 2011, No. 08-CV-498 (RRM)(LB)], adopted by 2011 WL 1154382, 2011 US Dist LEXIS 32717 [ED NY, Mar. 29, 2011]). As such, complaints about its billing practices are properly presented to LIPA under [*2]those procedures (see Matter of Black Radio Network, 253 AD2d at 25).
We decline to dismiss the action against LIPA under the filed rate doctrine, as the applicable rate is yet to be determined and plaintiffs apparently seek to establish "equal rates" for all religious organizations entitled to utility services at residential rates (see Porr, 230 AD2d at 573-574; see also Matter of Multiple Intervenors v Public Serv. Commn. of State of N.Y., 194 Misc 2d 85, 91 [Sup Ct, Albany County 2002] [GRTs are "part of a utility's cost structure that is recovered through Commission approved rates"]). We also decline to reach the remainder of LIPA's dismissal motion, in light of the stay issued under the primary jurisdiction doctrine.
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2025